**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**DAVLYN FLOWERS**                    **CASE NO.  3:21-CV-00904**

**VERSUS**                            **JUDGE TERRY A. DOUGHTY**

**WALMART STORES INC**               **MAG. JUDGE KAYLA D. MCCLUSKY**

**RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 18] filed by

Defendant Wal-Mart, Inc. and Wal-Mart Louisiana, LLC ("Wal-Mart"). Plaintiff Davlyn Flowers

("Flowers") has filed an Opposition [Doc. No. 25] to the Motion. Wal-Mart has filed a Reply [Doc.

No. 26] to the opposition.

For the following reasons, the Motion for Summary Judgment [Doc. No. 18] is

**GRANTED**.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

This claim arises out of an accident that occurred in a Wal-Mart store located at 1201 N.

Service Road E, in Ruston, Louisiana.[1] Flowers contends that she slipped and fell in a substance

on the floor, and that the incident was the fault of Wal-Mart. Flowers alleges that Wal-Mart is at

fault for failure to maintain a proper lookout for hazardous and unreasonably dangerous substances

on the floor, failure to maintain a clean and safe environment for patrons, failure to see what it

should have seen and done under the circumstances, and failure to exercise reasonable care to

eliminate the condition despite prior knowledge.[2] Flowers filed suit in this Court on April 6, 2021.

---

[1] [Doc. No. 18].
[2] [Doc. No. 1, Complaint, p. 3].

The incident is described as such. On July 22, 2020, Flowers was shopping at the Wal-Mart store at issue. According to Flowers' and Yessenia Pesnell's ("Pesnell") depositions, it had been raining in Ruston on that particular day.[3] Flowers was exiting the bathrooms at the back of the store to return to her cart; while walking, she did not see that there was a liquid substance on the floor, and she stepped onto the substance and fell toward the ground.[4]

Someone had already seen the liquid on the floor, namely Kolby Williams ("Williams"). When he first saw the puddle, he noticed what looked to be boot prints in the water.[5] Flowers was wearing flipflops.[6] After he noticed the puddle, Williams sought an employee to inform about the puddle. While walking back toward the puddle with an employee, Williams and the employee witnessed Flowers' fall. Neither Williams nor Flowers could say whether any Wal-Mart employees were aware of the substance on the floor, how long the substance had been on the floor, or from where the substance originated.[7] Williams did state that approximately two to three minutes had elapsed between the time he discovered the liquid on the floor to the time that the incident with Flowers occurred.[8]

Pesnell arrived at the scene after Flowers fell. She spoke to Flowers about the accident and took photographs of the liquid on the floor.[9]

The issues have been briefed, and the Court is prepared to issue a ruling.

---

[3] [Doc. No. 25, p.1]; [Doc. No. 18-10, p. 7]
[4] [Id.]
[5] [Doc. No. 18-8].
[6] [Doc. No. 18-4].
[7] [Doc. Nos. 18-4, 18-8].
[8] [Id., p. 3].
[9] [Doc. No. 18-5, pp. 1-6, Photographs].

## II.    LAW AND ANALYSIS

### A.  Summary Judgment

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense or the part of each claim or defense on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record...").

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.  However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing Anderson, 477 U.S. at 248).

3

Note that "a district court has somewhat greater discretion to consider what weight it will accord the evidence in a bench trial than in a jury trial." *Matter of Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991); *see also Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978) ("If decision is to be reached by the court, and there are no issues of witness credibility, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferences to be drawn from what has been incontrovertibly proved . . . . The judge, as trier of fact, is in a position to and ought to draw his inferences without resort to the expense of trial.").

### B.  Louisiana Revised Statute 9:2800.6

Louisiana Revised Statute 9:2800.6 sets out the burden of proof for persons bringing negligence claims against merchants for falls on their premises. *Hernandez v. Nat'l Tea, Inc.*, 98-950 (La. App. 5 Cir. 5/19/99), 734 So. 2d 958. The statute states in pertinent part:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against the merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of this cause of action, all of the following:

1. The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

3. The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C.    Definitions:

"Constructive notice" means the claimant has proven the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists, does not alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise or reasonable care should have known, of the condition.

In summary, La. R.S. 9:2800.6 provides that the plaintiff has the burden of proving, in addition to all other elements of the cause of action, that the merchant either (1) created the condition that caused the occurrence, or, (2) had actual or constructive notice of the condition prior to the occurrence and failed to exercise reasonable care. The statute goes on to define constructive notice and explains that in order for a claimant to prove constructive notice, a claimant must show that the condition existed for "such a period of time" that it would have been discovered if the merchant had exercised reasonable care.

### i.    Actual or Constructive Notice and the Temporal Element.

Flowers asserts that there was circumstantial evidence here creating constructive notice of the liquid on the floor. Specifically, Flowers asserts that constructive knowledge of a hazardous condition which causes a slip and fall for purposes of La. R.S. 9:2800.6 can be found in cases where a store manager knows it is raining, knows it is a particularly busy shopping day, and knows that the rainwater would be tracked into the store creating a hazardous condition.[10]

Flowers relies solely on constructive notice in this matter. Therefore, she must come forward with positive evidence that the condition existed for some period of time and that such a time was sufficient to place the merchant on notice of its existence.

---

[10] *Bassett v. Toys "R" Us Delaware, Inc.,* 36,434 (La. App. 2 Cir. 12/30/02), 836 So. 2d 465, 469, *writ denied sub nom. Bassett v. Toys ""R" Us Delaware, Inc.,* 2003-0560 (La. 4/25/03), 842 So. 2d 408.

Flowers argues that in *Bourgeois v. AIG Ins. Co.*, No. CIV.A. 08-759, 2009 WL 1033780 (E.D. La. Apr. 16, 2009) that the Court addressed a slip and fall case in a J.C. Penney store on a rainy day. J.C. Penney moved for summary judgment on the basis that the plaintiff could not establish constructive notice because the plaintiff noticed the water on the floor only after the fall and presented no evidence that J.C. Penney had actual notice of the water on the floor. J.C. Penney asserted that the only evidence the plaintiff had presented was that it was raining prior to the fall and that this was insufficient for constructive notice. The plaintiff asserted that the fact that it was raining that day gave J.C. Penney actual notice of hazardous rainwater conditions in the store, and the manager acknowledged it was raining the day of the incident. The plaintiff also asserted that the issues of actual or constructive notice are factual determinations that should not be made on summary judgment. The store manager in the *Bourgeois*, 2009 WL 1033780 case testified that the floors were supposed to be cleaned regularly but there was no record showing when the floors were last cleaned, and she could not recall the last time the floors were cleaned or visually inspected. The court concluded that those issues could not be resolved on summary judgment, and the motion was denied.

Flowers also cites *Courville*[11], a slip and fall case wherein the court denied summary judgment where the Target employees were in close proximity to the puddle of water on the floor, and a Target cashier testified that based on the area where the water was, an employee should have seen the liquid on the floor when a customer was using a credit card to pay. Because the plaintiff used a credit card to pay, the court concluded that there was evidence to show that a cashier could have been the liquid on the floor. The court also stated that because the plaintiff did not see the spill occur when approaching the checkout line where the plaintiff slipped, there was

---

[11] *Courville v. Target Corp. of America*, 232 Fed. Appx. 389, 391 (5th Cir. 2007)

circumstantial evidence showing that the spill existed at least immediately prior to plaintiff approaching the line.

Flowers argues that the hazardous condition existed for such a period of time that it would have been discovered had the merchant exercised reasonable care and undertaken precautions to ensure safety of the patrons on a rainy day. In support of this, Flowers cites *Bassett*, where a plaintiff slipped and fell at defendant's store on a rainy day. The floor manager stated in this case that she had no recollection of measures taken that day for the rain because it was maintenance personnel's responsibility, and she assumed it had occurred. The store manager also stated that there were no written policies regarding floor cleaning or inspections for rainy days. The court held that because the store manager knew it was raining on a busy day, there was constructive knowledge that rainwater would be tracked into the store and onto the floor creating a hazard.

Flowers argues that the instant case has facts analogous to those cited in her memorandum. She asserts that the conditions at the time of the incident should have provided the merchant with constructive notice of a hazardous condition. She states that it was raining on the day of the accident, and that Pesnell stated that the accident occurred in a location described as "action alley," i.e., a high traffic area of the store, wherein Wal-Mart should have taken reasonable precautionary measures to ensure that there were not any liquid substances on the floor because of the rain.

Wal-Mart responds that Flowers cannot prove that Wal-Mart had actual or sufficient constructive notice that the puddle existed. Wal-Mart also argues that Flowers cannot state with any certainty how long the substance was on the floor prior to the incident, but rather that her arguments would require the Court to infer constructive notice with circumstantial evidence. Wal-Mart goes on to say that Flowers has produced no evidence to show how the substance came to be

on the floor and has offered nothing beyond mere speculation as to whether it was there long enough to give rise to constructive notice.

The Court agrees. Flowers has asserted nothing beyond mere speculation about how long the substance was on the floor and asks that the Court infer constructive notice based on circumstantial evidence. Because Flowers relies solely on constructive notice, the Court will only analyze whether the condition existed for some period of time and that such a time was sufficient to place the merchant on notice of its existence.

### ii.    Whether Wal-Mart Conducted Proper Inspections of the Area.

Flowers' first argument is that Pesnell, the assistant manager who handled the incident, could not remember if a proper inspection had been performed at the time of the accident, and that this is circumstantial evidence of constructive notice. More specifically, Flowers argues that Pesnell provided no specifics to the protocol and procedures that Wal-Mart uses to ensure the safety of its patrons. Pesnell did not recall many details regarding inspections on the day of the actual incident and did not mention any safety inspections outside of the general protocol followed by the store.

In *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1085, the Louisiana Supreme Court rejected an argument such as this. That court held that simply showing the absence of written inspection procedures, written documentation of inspection, and lack of a consistent inspection policy does not meet the plaintiff's burden of proving constructive notice. Further, in *Derousselle v. Wal-Mart Louisiana, LLC*, 701 Fed.App'x 349 (5th Cir. 2017) summary judgment was affirmed where a plaintiff could not establish how a grape got on the floor nor for how long it had been on the floor. The plaintiff's argument in that case was that it was unclear whether the floors had been inspected prior to the accident, but the court held that this did not

create an issue of fact for constructive notice. The plaintiff still had to provide positive evidence

showing that the condition existed for some period of time, and the court determined that she had

not.

The Court concludes that Flowers has failed to establish by simply showing that there was

an absence of written inspection procedures, written documentation of inspection, and a lack of a

consistent inspection policy that her burden of proving constructive notice is met.

### iii.    Whether the Surveillance Video Satisfies the Temporal Element.

Flowers next argues that the two-hour video surveillance does not show any spills

occurring in the area in which she fell prior to her fall, which creates an evidentiary basis that there

is a presumption that the water had been on the floor for at least one hour prior to the fall. Thus,

she concludes that there was sufficient amount of time on a rainy day for the water on the floor of

a busy area to accumulate such that a Wal-Mart employee should have discovered the water prior

to Flowers' slip and fall.

Wal-Mart argues that this is based on mere speculation and that the video ultimately does

not support Flowers' argument. Particularly, Wal-Mart points out that the video shows no

substance on the floor and that Flowers is urging the Court to speculate that no employee walking

through the area inspected the floors, but Flowers has not shown any specific point in time where

the substance got onto the floor. Ultimately, Wal-Mart is asserting that Flowers' argument that the

substance was likely on the floor for at least one hour prior to the incident is mere speculation and

does not create a genuine issue of material fact for a jury to decide.

The seminal case interpreting the statute is *White v. Wal-Mart Stores, Inc.,* 699 So.2d

1081. In *White,* the Court held:

> [I]t is the plaintiff's burden to prove each element of her cause of action
> under La. R.S. 9:2800.6(b).  Furthermore, because constructive notice is

9

> plainly defined to include a mandatory temporal element, we find that
> where a claimant is relying upon constructive notice under La. R.S.
> 9:2800.6(b)(2), the claimant must come forward with positive evidence
> showing that the damage-causing condition existed for some period of
> time, and that such time was sufficient to place the merchant defendant
> on notice of its existence.

A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. "Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *Kennedy v. Wal-Mart Stores, Inc.*, 98-1939 (La. 4/13/99), 733 So. 2d 1188, 1191.

Since the *White* decision, several additional decisions have been handed down using the same logic.  In *Kennedy*, as noted above**,** the plaintiff presented no evidence as to the length of time the puddle was on the floor before his accident.  The Supreme Court found that plaintiff had failed to meet the "temporal element" which is required under *White,* 733 So.2d. at 1191**.**

In *O'Brien v. Wal-Mart Stores, Inc.***,** 720 So.2d 1263 (La. App. 2nd Cir. 1998), the plaintiff was injured when she stepped in a clear substance on the floor at Wal-Mart. The substance was later identified as oil. The plaintiff stated that she did not see anyone in the department when she fell. Further, the plaintiff stated that the oil spill measured around five inches in diameter, and there was a smear mark on the right side of the spill. The plaintiff testified that there was no trash, debris, or shopping cart tracks in the vicinity of the spill and that she believed that she was the first person to step into the oil spill. The Court ruled that the plaintiff had failed to present any evidence establishing constructive notice, as no evidence showed that the oil was on the floor for any length of time.

10

In *Rogers v. Brookshire Grocery Company*, 702 So.2d 11 (La. App. 2nd Cir. 1997), the plaintiff was injured when she slipped on a green vegetable leaf in the defendant's store. The Court stated that the plaintiff had failed to show lack of reasonable care on the part of the defendant, as well as how long the leaf had been on the floor. Plaintiff did not present positive proof that the substance was on the floor for a specified period of time.

In *Zeringue v. Wal-Mart Stores, Inc.,* 10-589 (La. App. 5 Cir. 3/29/11); 62 So.3d 276, the appellate court confirmed a case dismissed on a motion for summary judgment. In the *Zeringue* case, the plaintiff fell near the checkout area of the store. After her fall she saw green grapes on the floor, some of which had been crushed. Her husband did not see her fall but when he looked, he saw a clear puddle measuring about a square foot with about a dozen-and-a-half green grapes in the middle, some being crushed. Neither plaintiff nor her husband could say how long the grapes were on the floor nor how they got there. The stores protocol was to have employees continuously watch the area for any hazards and if any foreign substance was noted on the floor to clean it up immediately. The Court held that there was no evidence that the store had actual or constructive notice of the grapes on the floor prior to the fall. The store was dismissed on summary judgment at the district court level, and the court of appeal affirmed that ruling.

This Court finds that, although a wet floor may present an unreasonable risk of harm, Flowers has failed to show that Wal-Mart knew or had constructive knowledge of the wet substance on the floor or that Wal-Mart failed to exercise reasonable care. Flowers admitted that she did not know how long the substance was on the floor, and she has produced no third-party witness or circumstantial evidence that would suggest how long it had been there.

### iv.    Whether the Presence of Employees Satisfies the Requirements to Prove Constructive Notice.

Flowers' final argument is that there is a genuine issue of material fact as to whether Wal-Mart should have discovered the water on the floor prior to the incident because of claims that the incident occurred in a "high-traffic" area. Flowers argues that because Williams allegedly observed "boot prints" in the puddle of water, this suggests the water was on the floor long enough for someone to walk through it. Furthermore, Flowers asserts that the surveillance video shows that there were no safety sweeps conducted by Wal-Mart personnel in the one-hour time period prior to Flowers' fall. This, Flowers suggests, creates a genuine issue of fact as to whether Wal-Mart exercised reasonable care in preventing the conditions that caused Flowers to fall.

Wal-Mart argues that this assertion is again based on circumstantial evidence to show that the substance on the floor existed for a period of time because this evidence would provide for an inference of constructive notice. Wal-Mart points out that in Flowers' citing of the *Courville* case, she fails to show how it is analogous to the issues at bar because that court did not base its decision to reverse summary judgment on an inference of constructive notice, but instead on the Target employees who admitted that they should have seen the substance on the floor and cleaned it before the accident. Those facts clearly differ from the facts at issue in this case.

The second sentence of La. R.S. 9:2800.6(C) clarifies that the mere presence of an employee in the vicinity of the accident does not satisfy the requirements to prove constructive notice without additional evidence that the employee "knew, or in the exercise of reasonable care should have known, of the condition." *See Burns v. Sedgwick Claims Mgmt. Servs., Inc.,* 14-421 (La.App. 5 Cir. 11/25/14, 14), 165 So.3d 147, 157; *see also Adams v. Dolgencorp, L.L.C.*, 559 F. App'x 383, 386 (5th Cir. 2014).

12

In other words, the mere fact that an employee was nearby working is not enough. Flowers must still prove each element of her claim under La. R.S. 9:2800.6, including that the spill was on the floor for period of time lengthy enough to infer constructive notice.

The Court finds that this argument essentially reiterates Flowers' first two arguments, and it fails for the same reasons. An employee in the general vicinity does not satisfy the requirements to prove constructive notice for these purposes. Flowers has not proven that Wal-Mart knew or should have known of the condition, and although Flowers asserts that it was raining on the day of the incident, she has not presented any evidence showing that the water originated from rainwater. Flowers assertion that the boot print allegedly seen on the ground also satisfies the temporal element fails for the same reasons that the Court has already stated above.

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.,* 276 F.3d 754, 759 (5th Cir.2002); *S.E.C. v. Recile,* 10 F.3d 1093, 1097 (5th Cir. 1993); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *see also Pyron v. Piccadilly Restaurants, LLC*, No. 4:09-00057, 2010 WL 2683618 at *3 (N.D. Miss. 7/2/10) ("In the present case, the plaintiff has offered nothing beyond speculation that the floor was mopped with a 'greasy mop' to show why the floor was slick. Such speculation is insufficient to defeat the defendant's motion for summary judgment.")

The Court finds that Flowers has failed to establish a genuine issue of fact for trial as to causation, actual notice, or constructive notice.  Accordingly, Wal-Mart is entitled to judgment as a matter of law dismissing Flowers' claims.

## III.    CONCLUSION

For the foregoing reasons, Wal-Mart's Motion for Summary Judgment [Doc. No. 18] is

**GRANTED**.  Flowers' claims are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 29th day of April 2022.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE
